UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANPOLIS DIVISION

| | |
|---|---|
| LAURA L. SCOTT,<br><br>　Plaintiff,<br><br>v.<br><br>WEBCOLLEX, LLC d/b/a CKS FINANCIAL,<br><br>　Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:19-cv-05014<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Laura L. Scott ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Webcollex, LLC d/b/a CKS Financial ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana, Plaintiff resides in the Southern District of Indiana and Defendant maintains significant business contacts in the Southern District of Indiana.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

1

5. Defendant is a debt collection agency with is principal place of business located at 505 Independence Parkway, Chesapeake, Virginia 23320.

6. The principal purpose of Defendant's business is the collection of defaulted consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Indiana.

### FACTS SUPPORTING CAUSE OF ACTION

7. Prior to the conduct giving rise to this action, Plaintiff defaulted on payments on a Lending Club loan ("subject debt").

8. At some point thereafter, Defendant acquired the defaulted subject debt for the purpose of collection.

9. In August 2018, Defendant began placing collection calls to Plaintiff's cellular telephone number (317) XXX-5379 attempting to collect on the subject debt.

10. At all times relevant Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 5379. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

11. Plaintiff answered the phone on multiple occasions and spoke with a representative of Defendant by the name of Ms. Jackson.

12. Ms. Jackson was very rude and threatening to Plaintiff each time they spoke, making her feel harassed and abused.

13. In or around October 2018, Plaintiff placed a call to Defendant and asked to speak to a supervisor. Plaintiff explained that she did not want to receive calls from Ms. Jackson anymore

because she felt harassed. Defendant ensured Plaintiff that she will no longer receive calls from Ms. Jackson.

14. Plaintiff entered into a payment plan with Defendant in early 2019, but had to cease making payments on the subject debt when she became unemployed.

15. At this time, and despite Defendant's assurances, Defendant once again began receiving a barrage of phone calls from Ms. Jackson in spite of her request that they cease.

16. In or around March 2019, Plaintiff once again answered a phone call from Defendant and explained that she did not want to receive phone calls from Ms. Jackson and that she only wanted to speak with supervisors.

17. Plaintiff continued to answer Defendant's calls, informed Defendant that she was unable to pay, and requested that Ms. Jackson cease contacting her.

18. Notwithstanding Plaintiff's repeated requests for Ms. Jackson stop calling her, Defendant placed numerous harassing phone calls to Plaintiff's cellular between August 2018 and present day.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably be expected to harass.

## DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's harassing and abusive collection efforts.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses speaking with her attorneys.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent credit card accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§ 1692d, d(5), and e through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692d

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant that she was unable to pay the debt and demanded that a representative for Defendant named Ms. Jackson cease calling her. Plaintiff felt harassed and abused by Ms. Jackson's rude behavior, and she made it clear that she was willing to work with Defendant if she could work with a different representative. but her requests did nothing to slow the onslaught of harassing phone calls from Ms. Jackson.

33. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations with Ms. Jackson regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone from Ms. Jackson after Plaintiff specifically requested that she only be contacted by supervisors.

### b. Violations of FDCPA § 1692e

34. Defendant violated §1692e when it used deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Defendant repeatedly contacted Plaintiff through its

representative Ms. Jackson, even after Plaintiff requested to work with a different collector on multiple occasions. Plaintiff made it clear she was willing to work with Defendant, just not Ms. Jackson. Defendant ignored Plaintiff's wishes and continued its harassing behavior when Ms. Jackson continued calling Plaintiff over and over in an attempt to annoy and abuse Plaintiff into making a payment on the subject debt.

35. As detailed above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff LAURA L. SCOTT respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 23, 2019                     Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com